UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 1:23-mc-00020-EPG |
| | ORDER GRANTING MOTION TO QUASH SUBPOENA |
| FRESNO CREDIT BUREAU, INC., | (ECF No. 1). |
| Movant. | |

Movant Fresno Credit Bureau, Inc. filed this miscellaneous action on March 3, 2023, seeking to quash a third-party subpoena issued to Movant, a non-party, by plaintiffs in the underlying action. (ECF No. 1). Upon review, the Court will grant Movant's unopposed motion to quash.

I.      BACKGROUND

The underlying action is a class action case in the District of New Jersey, *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Civil Action No. 19-md-2094-MCA-MAH (D. N.J.). (ECF No. 1, p. 2). Movant is not a party in the underlying action. (*Id.*). Instead, Movant is a third-party collection agency based in Fresno, California. Quest Diagnostics Inc. is a defendant in the underlying action. (*Id.*) Quest Diagnostics Inc. is also a client of Movant. (*Id.*) Based on Movant's connection to Quest Diagnostics Inc., Movant was served a subpoena by the plaintiffs in the underlying action. (*Id.*) The place of compliance

1

identified in the subpoena is Veritext Legal Solutions in Fresno, California, with the compliance date initially set for March 16, 2023. (ECF No. 1-1, p. 2). The subpoena was issued on February 9, 2023. (*Id.* at 5).

On March 3, 2023, Movant filed the instant motion to quash pursuant to Federal Rule of Civil Procedure 45(d)(3). (ECF No. 1). As grounds for the motion, Movant argues that the subpoena must be quashed because it requires the disclosure of privileged information. (*Id.* at 3). Additionally, the scope of the subpoena places an undue burden on Movant. (*Id.* at 4).

On March 9, 2023, the Court set a briefing schedule and hearing date for the motion to quash. (ECF No. 2). The Court also directed Movant to serve a copy of the minute order on the party that issued the subpoena. (*Id.*) Movant filed proof of service verifying that plaintiffs' counsel was electronically served with the Court's minute order on March 9, 2023. (ECF No. 3). On March 29, 2023, the Court held a hearing on the motion to quash. (ECF No. 4). Brett Goodman appeared telephonically on behalf of Movant. (*Id.*) Neither plaintiffs nor defendants in the underlying action appeared to oppose or otherwise support Movant's motion.

## II.    LEGAL STANDARDS

A party may obtain information from a non-party in a case by serving a subpoena. Fed. R. Civ. P. 45. Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), a motion to compel compliance with the subpoena must be brought in "the district where compliance is required" and the issuing court, if different from the one where compliance is required, lacks jurisdiction to enforce the subpoena. *First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No. 2:19-cv-09577-PSG-GJS, 2021 WL 1526759, at *1 (C.D. Cal. Apr. 7, 2021) (noting that "the issuing court is without jurisdiction to enforce the subpoena" under Rule 45(d)(2)(B)(i)). However, under Rule 45(f), the court where compliance is required may transfer a motion to compel to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances."

Under Rule 45, a court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed." *In re Allergan,*

*Inc. Sec. Litig.*, No. 14-cv-02004-DOC (KES), 2016 WL 5922717, at *3 (C.D. Cal. Sept. 14, 2016).

"In a motion to quash a subpoena issued in civil litigation, ... the burden of persuasion is borne by the movant." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). The objecting party must state specifically why a subpoena is overbroad, unduly burdensome, or oppressive, *see Thomas v. Hickman*, No. 1:06-cv-00215-AWI-SMS, 2007 WL 4302974, at *6 (E.D. Cal. Dec. 6, 2007). If the moving party meets its burden, the issuing party must then demonstrate "that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005) (citation and internal quotation marks omitted).

## III.   ANALYSIS

After considering the above standards, the Court will grant the unopposed motion to quash.

As an initial matter, the motion is properly before this Court as compliance is sought in this District. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Further, the Court has reviewed the subpoena at issue and finds that it requires the disclosure of privileged or otherwise protected information. Specifically, the subpoena seeks any and all documents and communications concerning Movant's protection and safeguarding of patient information, agreements with Quest, any deficiencies in Movant's data security, data security audits and IT security assessments performed on behalf of Quest, and the termination or possible termination of Movant's business relationships with Quest. (ECF No. 1-1, p. 13). Additionally, the party that issued the subpoena, *i.e.*, the plaintiffs in the underlying action, failed to file any response opposing the motion to quash, which is grounds alone to grant the motion. LR 251(d); *see also* LR 230(c) ("A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.").

## IV.   ORDER

Based on the above reasons, IT IS ORDERED that:

1. Movant Fresno Credit Bureau, Inc.'s motion to quash (ECF No. 1) is granted;

2. The subpoena issued by plaintiffs in the underlying action, *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, Civil Action No. 19-

1    md-2094-MCA-MAH (D. N.J.), is quashed;

2    3.  The Clerk of Court is directed to mail a copy of this order to plaintiffs in the underlying

3        action at the following address:

Christopher A. Seeger
4                                        Christopher L. Ayers
                                         Seeger Weiss LLP
5                                      55 Challenger Rd., 6th Floor
                                        Ridgefield Park, NJ 07660
6

7    IT IS SO ORDERED.

8
         Dated:    **March 30, 2023**                    /s/ Erica P. Groin
9                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             4